United States District Court
Southern District of Texas
**ENTERED**
August 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:14-302<br>CIVIL NO. 2:16-358 |
| LILIA DURAN DE GONZALEZ,<br>Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Lilia Duran de Gonzalez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. Movant seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines based on her allegedly minor role. The United States has moved to dismiss this action on the grounds that the issue Movant raises is not cognizable under 28 U.S.C. § 2255. D.E. 29. Because the relief Movant seeks is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2), the Court will construe Movant's motion under § 3582.

### I. Background

On June 10, 2014, Movant pled guilty before the Magistrate Judge to conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a)(2)(B)(I) and 1956(h). The Court accepted Movant's guilty plea and ordered the Probation Office to prepare a Presentence Investigation Report.

Movant's base offense level was 40 because the offense involved the importation of methamphetamine and she was not subject to an adjustment under U.S.S.G § 3B1.2. She received a two-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(2) because she

1

was convicted under 18 U.S.C. § 1956. After credit for acceptance of responsibility, her total offense level was 39. Her criminal history category was I, resulting in a guideline range of 262 to 327 months' imprisonment. However, pursuant to U.S.S.G. § 5G1.1(a), the guideline sentence became the statutorily-authorized maximum term of 240 months. The Court sentenced Defendant to a below-guideline sentence of 60 months. Judgment was entered October 29, 2014.

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role. Defendant asserts that Amendment 794 allows the Court to reduce her sentence based on minor role.

## II. Analysis

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526–27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); *United States v. Boe*, 117 F.3d

830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Movant argues that Amendment 794 is nonetheless retroactive. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823 F.3d at 521. However, the court declined to reach "the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* n.1. The Fifth Circuit has explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). However, the Southern, Northern, and Western Districts of Texas have held that Amendment 794 is not retroactive. *United States v. Collins*, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) ("The Court finds that because Amendment 794 is not listed in § 1B1.10, it is not retroactive."); *Perez-Rodriguez v. United States*, 2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5871359 (N.D. Tex. Oct. 7, 2016) ("Amendment 794 . . . is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) ("*Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255. . . . The Sentencing Guidelines list all amendments eligible for

3

retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."). Because Amendment 794 is not retroactive, the Court is not authorized to reconsider whether Movant may qualify for a minor role under this amendment.

## III. Conclusion

For the reasons stated herein, the Government's motion to dismiss (D.E. 29) is **GRANTED**, and Movant's construed motion under 18 U.S.C. § 3582(c)(2) (D.E. 26) is **DENIED**. Because Movant's motion is not properly considered a motion to vacate, set aside, or correct sentence, the Clerk is instructed to close Civil Action No. 2:16-358.

So **ORDERED** this 18th day of August 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

4